## SUPREME COURT.

ELIJAH REYNOLDS agt. WILLIAM McELHONE and HARRISON McELHONE.

*It seems,* that the *absence* of a judge from his office, at the time appointed in an order made by him for the examination of a judgment debtor in supplementary proceedings, does not render the order inoperative, where the judge within a reasonable time, say within an hour, attends at his office to execute the order, although the judgment debtor appeared at the time appointed and waited some time before leaving.

Therefore, any money *paid over* by the judgment debtor subsequently, on the same day, in violation of such order, would be a contempt, and subject him to a fine or punishment; especially, where as in this case, he had subsequently appeared before a *referee* in pursuance of an order made by the judge on the day first named.

What *recitals* in a final order of a judge requiring a judgment debtor to pay over certain moneys, &c., or stand committed to jail, &c., considered sufficient, although informal.

*Albany General Term, September,* 1860.

GOULD, HOGEBOOM and PECKHAM, *Justices.*

APPEAL by defendants from order of county judge of Sullivan county, requiring William McElhone to pay $18, or be committed to the county jail of Sullivan county. The facts are sufficiently stated, in the opinion of the court.

IRA HARRIS, *for plaintiff.*

JOHN K. PORTER, *for defendants.*

By the court, HOGEBOOM, Justice. On the 28th of April, 1860, the county judge of Sullivan county, on due proof of the recovery of a judgment by the plaintiff against the defendants in the supreme court, and the return of an execution thereon unsatisfied, made the usual order in proceedings supplementary to execution, requiring the defendants to appear before him at his office, in Monticello, on the 2d day of May, 1860, at ten, A. M., and answer concerning their property, and abide such order as he should make in

the premises, and forbidding the sale or transfer or disposition of, or any interference with any of their property, except that exempt from execution. This order was never revoked or altered. Prior to the time of appearance in part, and after it in part, the defendants, in violation of the terms of this order, paid over certain moneys in their hands, amounting to some eighteen dollars in all, in part to their counsel, and in part to one of their creditors.

On the day of appearance, (the 2d of May,) the defendants appeared at the office of Judge Low, (the county judge,) at the hour of 10 A. M., and finding the office unoccupied, and after waiting some time left and returned home, being advised by their counsel that the order had become inoperative by the failure of Judge Low to appear at the hour appointed. On the same day, they paid over to their counsel a portion of the money. Shortly after they left, and within an hour of the appointed time, it does not distinctly appear how soon after ten, Judge Low returned to his office, from which he had been temporarily absent. The plaintiff's counsel also appeared and the case was proceeded with in the absence of the defendants, and by order referred to a referee to take the testimony and to examine the parties at an appointed time and place, continuing or renewing the injunction against any disposition of their property. At this time and place, the defendants appeared in conformity with the order, (which had been served upon them,) and were examined before the referee. The referee subsequently on the 8th of May, made an order or appointment for the further examination of the defendants and for their appearance before him for that purpose, on the 9th of May. This order or appointment was duly served on the defendants, but they failed to appear. The proceedings before the referee were duly reported to the county judge, and the foregoing facts in regard to their appropriation of their property in alleged violation of one or both of said orders, of the 28th of April, and 2d of May, being established by the

proofs, the county judge made an order thereon, the material part of which is as follows: " And it is further ordered that the said defendant, William McElhone, shall pay over to the plaintiff's attorney for the plaintiff, in the above entitled action, the sum of $18, being money that he has paid out and disposed of since the order made by me on the 28th day of April, restraining him from disposing of his said property was duly served on him, and whilst the said order remained in full force and unrevoked, and that in default of payment of the said money as aforesaid, the said William McElhone be committed to the common jail of Sullivan county, there to remain until the same shall be paid."

. It is clear that the defendants violated the order of the judge, forbidding any interference with or disposition of their property. The order of the 28th of April, to that effect was never revoked, nor did it become inoperative, I think, even if the subsequent proceedings fell through. Until an actual or a practical revocation, it continued to operate. The adjournment, the delay, the suspension of the proceedings made it no less proper that they should not dispose of their property to the prejudice of their creditors.

I think, also, the proceedings were never suspended, and never fell through. The temporary absence of Judge Low, from his office for a few minutes after ten, did not justify the defendants in leaving or treating the proceeding as abandoned. A reasonable time must be allowed for the judge to reach his office. and the plaintiff to appear, and I do not think that time had elapsed, when the defendants disappeared. The proceedings were, therefore, properly continued by the judge on the 2d of May, and the order of reference and new injunction was valid. If not so, I think it was waived by the subsequent appearance of the defendants and submission to the order.

I am not satisfied whether the referee had the power to resummon the defendants, if he had closed or announced that he had closed the examination. The evidence is not

quite satisfactory, whether the examination of the defendants had been regarded as ended on the 7th of May. I do not regard the point as material to be determined because no testimony was subsequently taken, and the omission of the defendants to appear on the adjourned day was not the basis upon which the judge's order of commitment was founded.

. The material question in the case is whether the final order contains the requisite materials to justify the commitment of the defendants to jail, that is, whether it shows substantially a *contempt*, and the infliction of *punishment* for it by way of *fine* to the amount of $18.

And although this is not very clearly expressed, I feel inclined to regard it as on the whole sufficient. The recital of facts, especially when taken in connection with the accompanying papers, shows that the party was *convicted* by the finding of the court of having paid away $18 in violation of the order. This was a contempt, whether so declared by name or not. For that reason, because the party had been guilty of contempt, the judge orders the defendant to pay that amount for the plaintiff's benefit, and in default of payment, to be committed to jail. The result is a *fine* to that amount, although not so denominated in terms on the face of the order.

As the defendant is plainly guilty of a contempt, and the order is a just one on the merits, and can be upheld, I think, without the violation of a legal principle, I am in favor of *affirming* the order of the county judge, with $10 costs of appeal.